IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | CRIMINAL ACTION NO. |
| v.                    ) | 2:20cr85-MHT |
| ) | (WO) |
| RONALD WOOD           ) | |

ORDER

This cause is before the court on the motion to continue filed by counsel for defendant Ronald Wood. For the reasons set forth below, the court finds that jury selection and trial, now set for June 7, 2021, should be continued generally pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>    from the date the defendant has appeared
>    before a judicial officer of the court in
>    which such charge is pending, whichever date
>    last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

The court concludes that, for the following reasons, the ends of justice served by granting a continuance outweigh the best interest of the public and defendant Wood in a speedy trial. Defense counsel has been informed that Wood has died, and she is waiting on final confirmation of his death. The court has also been informed of his death by court personnel. When a death certificate is received, the government plans to dismiss the superseding indictment against Wood. Assuming Wood is indeed deceased--which the court has no reason to doubt--he and the public have no

interest in a speedy trial, and the failure to continue the trial would result in a significant waste of time and resources for court personnel, attorneys, and potential jurors, which would run counter to the ends of justice.  The government does not oppose the requested trial continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 243) is granted.

(2) The jury selection and trial, now set for June 7, 2021, are continued generally.

DONE, this the 3rd day of June, 2021.

                                         /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**